**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30047 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00041-RFC-1 |
| v. | |
| GEOFREDO JAMES LITTLEBIRD, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted December 8, 2011
Seattle, Washington

Before: GUY,[**] McKEOWN, and TALLMAN, Circuit Judges.

Geofredo James Littlebird, Jr., appeals the denial of his motion to suppress

statements he made to investigators after an illegal traffic stop. Littlebird argues

that his inculpatory statements should be suppressed because those statements were

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ralph B. Guy, Jr., Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

the product of a violation of the Fourth Amendment. Notwithstanding the government's concession that the traffic stop violated the Fourth Amendment, we conclude that intervening events sufficiently attenuated Littlebird's subsequent statements from the taint of that illegality and we affirm.

"We review de novo the mixed question of fact and law whether evidence deriving from an illegal search is sufficiently tainted to require suppression, because legal concepts must be applied and judgment exercised about the values that animate the Fourth Amendment." *United States v. Ortiz-Hernandez*, 427 F.3d 567, 575–76 (9th Cir. 2005) (citing *United States v. Johns*, 891 F.2d 243, 244 (9th Cir. 1989)) (internal quotation marks omitted).

The admissibility of Littlebird's statements depends upon whether those statements were "come at by exploitation of . . . illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (citation and quotation marks omitted). *Brown v. Illinois*, 422 U.S. 590, 603–04 (1975) directs us to consider, as a threshold requirement, the voluntariness of the confession and whether *Miranda* warnings were given. Then, to decide if suppression is necessary, we must balance the three *Brown* factors: (1) the temporal proximity of the violation and the confession; (2)

2

the presence of intervening circumstances; and (3) the purpose and flagrancy of the official misconduct. *Id.*

Here the threshold requirement of voluntariness is easily met because Littlebird concedes he voluntarily made the inculpatory statements after receiving *Miranda* warnings.

Turning to the first of the *Brown* factors, Littlebird remained in custody for two days between the stop and the interview. This alone is neither so long nor so short as to weigh either against or in favor of suppression. *See Dunaway v. New York*, 442 U.S. 200, 220 (1979) (Stevens, J. concurring).

More importantly, significant intervening circumstances exist to sufficiently purge the taint of the illegal stop. First, prior to the interview, Littlebird was arraigned in the Crow Tribal Court and received appointed counsel. Second, the record reflects that Littlebird himself likely initiated the interview with the investigating officers. Third, before the interview he spoke with his Tribal counsel—a crucial factor in attenuation. *United States v. Wellins*, 654 F.2d 550, 555 (9th Cir. 1981). And finally, his counsel was present during the entire interview.

The traffic stop was plainly illegal as the government concedes that the officer did not have the requisite level of suspicion to stop the car in which

3

Littlebird was a passenger. There is no evidence, however, to suggest that the stop was exploited to gain the confession from Littlebird, especially in light of the district court's finding that Littlebird more likely than not initiated the interview.

On balance, the district court properly concluded that the factors above weigh in favor of denying Littlebird's motion to suppress his statements.

**AFFIRMED.**